**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NDB INC., Plaintiff, -against- CARLOS EROS., et al., Defendants. | : | 26-CV-03525 (JAV) (OTW) **REPORT & RECOMMENDATION TO THE HON. JEANETTE A. VARGAS** |

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff commenced this breach of contract, breach of the implied covenant of good faith and fair dealing, and deceptive business practices under New York law; cybersquatting and trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq.; and substantially related claims, in the alternative, of conversion, fraud, tort, unjust enrichment and breach of fiduciary duty action by filing its Complaint on April 28, 2026, (ECF 1). On May 21, 2026, Plaintiff filed proof of service as to Defendant Carlos Eros a/k/a Carter Eros by affixing a true and complete copy of the summons and complaint to his last known residence and by depositing by First Class prepaid mail a true copy with the United States Postal Service. (ECF 12). On May 18, 2026, Plaintiff attempted personal service on Defendant Web Designer 23 at the entity's advertised address but was informed that such entity was no longer present and thereafter served personally a true and complete copy with the Secretary of State for New York on May 26, 2026. Proof of service was therefore filed on May 27, 2026, (ECF 13). On June 10, 2026, after Defendants failed to answer or otherwise respond to the Complaint, Plaintiff

requested that the Clerk of Court issue a Certificate of Default (ECF 15), which was issued the next day on June 11, 2026, (ECF 16).

I held an Initial Case Management Conference on June 30, 2026, at which Defendants did not appear. Plaintiff filed its motion for default judgment on June 30, 2026. (ECF 24). On the same day, June 30, 2026, Judge Vargas referred the motion to me for a Report and Recommendation. (ECF 28). On July 2, 2026, I ordered Defendants to show cause why I should not recommend to Judge Vargas that she enter a default judgment against them. (ECF 29). Defendants did not respond. Because Defendants have failed to appear in this action, I respectfully recommend that Plaintiff's motion for default judgment be **GRANTED**, that an order of default be entered against Defendants, and that an inquest on damages be ordered.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be addressed to the Honorable Jeanette A. Vargas, United States District Judge. Any requests for an extension of time for filing objections must be directed to Judge Vargas.

**This space left intentionally blank**

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir. 1983).

Respectfully submitted,

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: August 5, 2026
New York, New York