UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NDB INC. d/b/a/ BRONX AND BANCO,<br>Plaintiff,<br>-v-<br>CARLOS EROS, et al.,<br>Defendants. | 26-CV-03525 (JAV)<br><br><u>ORDER ADOPTING REPORT AND RECOMMENDATION</u> |

JEANNETTE A. VARGAS, United States District Judge:

This motion for default judgment was referred to Magistrate Judge Wang for a Report and Recommendation. *See* Docket No. 28. In the Report and Recommendation filed on August 5, 2026, Magistrate Judge Wang recommended that motion be granted. *See* Docket No. 37.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Conclusory or general objections that merely refer the district court to previously filed papers or arguments do not constitute proper objections under Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022). To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record. *See id.* at 120 & n.4.

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and it

warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 37. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, no objections have been filed and no request for an extension of time to object has been made. Accordingly, the parties have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Miller*, 43 F.4th at 120.

Despite the waiver, the Court has reviewed the petition and the Report and Recommendation, unguided by objections, and finds that a grant of default judgment is appropriate.

Plaintiff completed service of the complaint, jury demand, exhibits, and summons in this action on Defendant Carlos Eros on May 15, 2026, and on Defendant Web Designer 23 on May 26, 2026. ECF Nos. 12-13. Under Federal Rule of Civil Procedure 55, there are two steps involved in entering judgment against a party who has failed to defend: entry of default, and the entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.*

Plaintiff filed a proposed Clerk's Certificate of Default and supporting affirmation on June 10, 2026, and the Clerk of Court entered a Certificate of Default as to both Defendants on June 11, 2026. ECF Nos. 14-16. Although this Certificate was entered prematurely as to

Defendant Web Designer 23, *see* S.D.N.Y. Local Civ. R. 55.1, Plaintiff's subsequent motion for default judgment was after Defendant Web Designer 23's time to file a responsive pleading had elapsed, *see* ECF No. 24, and that entity has yet to appear in this action over two months after service was completed. Accordingly, the Court will not disqualify Plaintiff from obtaining default as to Defendant Web Designer 23 on these grounds.

At the second step, in deciding whether to grant default judgment, the Court first considers the following three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC*, No. 15-cv-5553 (LTS), 2016 WL 3162118, at *2 (S.D.N.Y. June 2, 2016) (quotations and citations omitted). The Court finds that all three factors have been met.

First, because Defendants were properly served, their non-appearance in this action and failure to respond to the Complaint and the instant motion practice indicate willful conduct. *See Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865(LTS)(GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Second, the Court is unable to conclude whether Defendants have a meritorious defense to Plaintiff's claims because have they never presented any such defense to the Court. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*, 973 F.2d 155, 158 (2d Cir. 1992). As to the third prong, denying the instant motion would be unfairly prejudicial to Plaintiffs, as Plaintiffs will have no other means of relief against Defaulting Defendants in light of their failure to appear, defend, or respond in this litigation. *Indymac*, 2007 WL 4468652, at *1.

By failing to answer the complaint, Defendants have conceded Plaintiff's well-pleaded factual allegations establishing liability. Fed. R. Civ. P. 8(b)(6); *see also S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). "But because a party in default does not admit conclusions of law, the Court must determine whether those allegations establish a sound legal basis for liability." *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019). The Court concludes that they do. *See* ECF No. 1, ¶¶ 108-129, 145-166, 204-212 (establishing liability as to both Defendants for breach of contract; breach of the implied covenant of good faith and fair dealing; violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); Trademark Infringement in violation of the Lanham Act, 15 U.S.C. § 1114, *et seq.*; and breach of fiduciary duty). The Court does not reach liability on the counts Plaintiff seeks to establish "in the alternative." *See* id., ¶¶ 130-144, 167-203, 213-222.

Accordingly, the Report and Recommendation is **ADOPTED** in its entirety. The Clerk of Court is directed to terminate ECF No. 24. This case is further **REFERRED** to Magistrate Judge Wang to conduct an inquest as to damages.

SO ORDERED.

Dated: September 1, 2026
New York, New York

Jeannette Vargas

JEANNETTE A. VARGAS
United States District Judge